# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE, as the Administrator of the Estate of RAVEN E. LEE, <br><br> PLAINTIFF, <br> v. <br><br> GOLF TRANSPORTATION, INC, <br><br> OCONNOR TRUCKING, INC., <br><br> JP LOGISTICS, INC., <br><br> UNITED NATURAL FOODS INC., <br><br> UNFI TRANSPORT LLC, <br><br> and <br><br> COYOTE LOGISTICS, LLC <br><br> DEFENDANTS. | CIVIL ACTION – LAW <br><br> JURY TRIAL DEMANDED <br><br> NO.: 21-CV-1948 |

## PLAINTIFF'S MOTION FOR CONSOLIDATION

AND NOW COMES the Plaintiff, Michael Lee Individually and as Administrator of the Estate of Raven E. Lee, by and through their undersigned legal

counsel, Fellerman & Ciarimboli Law, P.C., to hereby submit the instant Motion for Consolidation and avers as follows:

1. This matter involves a personal injury claim stemming from a motor vehicle crash on October 7, 2020. See Document 29.

2. By way of brief summary, on the aforesaid date, at approximately 11:18 p.m., Gregory Leksowski ("Mr. Leksowski") was operating a 2000 Volvo hauling a Semi-Trailer ("Tractor Trailer"). See Document 29 at ¶ 25.

3. The Volvo and Semi-Trailer were owned and operated under the control of Defendants. Id.

4. On the aforementioned date, place, and time, Mr. Leksowski was in the left lane on Interstate 81 North ("I-81") in Moosic Borough, Lackawanna County, Pennsylvania.

5. At the same date, place, and time, Plaintiff's Decedent, Raven Lee a ("Decedent Lee"), was traveling in the right-hand lane of I-81 North when suddenly and without looking, Mr. Leksowski merged his Tractor Trailer into the right lane striking the vehicle 2003 Chevrolet operated by Decedent Lee[1]. Id. at ¶ 48.

6. The violent impact caused the Chevrolet to become lodged under the Tractor Trailer. Id.

---

[1] Chaz Bastone, deceased, was a passenger in the Chevrolet operated by Decedent Lee.

7.   As a result of the significant force and impact, Raven Lee was tragically killed. <u>Id</u>. at ¶ 50.

8.   Accordingly, Plaintiff initiated the instant action by way of Complaint on November 16, 2021, <u>id</u> and on April 28, 2022, filed a First Amended Complaint alleging, <u>inter alia</u>, wrongful death, survival action, and negligence / recklessness against the Defendants. <u>See</u> Document 29.

9.   Thereafter on June 3, 2022 a companion complaint was filed by *Anderson Bastone, as Administrator of the Estate of Chaz Bastone v. Golf Transportation, Inc., et. al.* which is docketed at No. 3:22-cv-00878-KM.

10.  As both cases arise out of the same commercial motor vehicle crash and will contain identical questions of law and fact, consolidation is proper under F.R.E. 42.

11.  Federal Rule of Civil Procedure 42(a) states:

> If actions before a court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay.

<u>See</u> Fed. R. Civ. P. 42(a).

12.  Indeed, consolidation is proper when "both cases involve the same legal claims and surround the same alleged facts." <u>Toribio v. Spece</u>, Civ. Action No. 3:10-2441, 2012 WL 48672524, at *2 (M.D. Pa. 2012).

13. Moreover, "[i]n considering a motion to consolidate, the court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." Hoffman v. Genpact, 2022 U.S. Dist. LEXIS 33929, *4-5 (M.D. Pa. 2022) (citations omitted).

14. Yet, "[a] district court has broad power to consolidate actions that involve a common question of law or fact." Mendoza v. Electrolux Home Prod., Inc., No. 4:15-CV-00371, 2018 WL 3973184, at *4 (M.D. Pa. 2018).

15. Put simply, a cursory review of the two cases support consolidation under F.R.E. 42 as these cases involve identical questions of law and fact.

16. Both cases involve identical claims against identical Defendants.

17. Likewise, there is no question that judicial economy would be served through consolidation as the same experts, lay witnesses and evidence would surely be presented in both cases.

18. By way of example, if these cases are not consolidated, liability experts would be obligated to give identical testimony in two separate cases and duplicative evidence would be introduced by the parties in both cases.

19. Therefore, due to the obvious common questions of law and fact, the two cases are ripe for consolidation.

20. Pursuant to Local Rule 7.1, Plaintiff has sought concurrence from Defendants before filing the instant motion.

21. Defendants concur with the filing of the instant motion.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Consolidate the two matters.

                                **Respectfully Submitted,**

                                **FELLERMAN & CIARIMBOLI LAW**

                                */s/ Michael O'Neill*

                                _____
                                Michael J. O'Neill, Esquire
                                Corey S. Suda, Esquire
                                *Counsel for Plaintiff*

Date: June 22, 2022