# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEE, as the Administrator of the | : | CIVIL ACTION NO: |
| Estate of RAVEN E. LEE | : | 3:21-CV-01948-KM |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| GOLF TRANSPORTATION, INC., | : | |
| O'CONNOR TRUCKING, INC., | : | |
| JP LOGISTICS, INC., | : | |
| UNITED NATURAL FOODS, INC., | : | |
| UNFI TRANSPORT LLC, and | : | |
| COYOTE LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ANDERSON BASTONE, as the | : | |
| Administrator of the Estate of | : | CIVIL ACTION NO: |
| CHAZ BASTONE, | : | 3:21-CV-01948-KM |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| GOLF TRANSPORTATION, INC., | : | |
| O'CONNOR TRUCKING, INC., | : | |
| JP LOGISTICS, INC., | : | |
| UNITED NATURAL FOODS, INC., | : | |
| UNFI TRANSPORT LLC, and | : | |
| COYOTE LOGISTICS, LLC | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS
## UNITED NATURAL FOODS, INC. AND UNFI TRANSPORT, LLC
## TO COMPLAINT OF ANDERSONBASTONE
## WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS

Defendants, United Natural Foods, Inc. [hereinafter UNFI] and UNFI Transport, LLC, by and through their attorneys, Rawle & Henderson LLP, hereby answers the Complaint of Anderson Bastone, as Administrator of the Estate of Chaz Bastone, as follows:

1.      Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

2.      Denied.  Paragraph 2 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 2 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

3.      Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint, and therefore, said averments are denied and strict proof is

demanded herein.

4.      Denied.   The averments of paragraph 4 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 4 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

5.      Denied.   The averments of paragraph 5 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 5 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

6.      Denied.   The averments of paragraph 6 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 6 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the

Complaint, and therefore, said averments are denied and strict proof is demanded herein.

7.    Denied.   The averments of paragraph 7 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 7 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

8.    Denied.   The averments of paragraph 8 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 8 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

9.    Denied.   The averments of paragraph 9 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 9 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient

to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

10.    Denied.  The averments of paragraph 10 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 10 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

11.    Denied.  The averments of paragraph 11 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 11 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

12.    Denied.  The averments of paragraph 12 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 12 referring to other parties are deemed to refer to answering

defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

13.    Denied.  The averments of paragraph 13 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 13 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Denied.  The averments of paragraph 18 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 18 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the

Complaint, and therefore, said averments are denied and strict proof is demanded herein.

19.     Denied.  The averments of paragraph 19 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 19 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

20.     Denied.  The averments of paragraph 20 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 20 referring to other parties are deemed to refer to answering defendants, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

21.     Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

22.     Denied.  Paragraph 22 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

23.     Denied.  Paragraph 23 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

24.     Denied.  Paragraph 24 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

25(a) – (h).  Denied.  Paragraph 25 of the Complaint and its subparagraphs (a) through (h) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

26.     Denied.  Paragraph 26 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

27.     Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 27 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

28.     Denied.  It is specifically denied that answering defendants owned, leased, assigned, and/or operated the 2000 Volvo tractor trailer or the Wabash trailer. Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraph 28 of the Complaint, and therefore, said averments are denied and strict proof is demanded

herein.

29.    Denied.   The averments of paragraph 29 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 29 referring to other parties are deemed to refer to answering defendants, paragraph 29 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

30.    Denied.   It is specifically denied that answering defendants owned, leased, assigned, and/or operated the 2000 Volvo tractor trailer or the Wabash trailer. The remaining averments of paragraph 30 of the Complaint are denied as conclusions of law to which no responsive pleading is required.

31.    Denied.   Answering defendants deny that they employed and/or contracted with Mr. Leksowski.   It is specifically denied that UNFI had operating authority.  It is specifically denied that Mr. Leksowski was operating or driving the Volvo hauling the Wabash trailer under UNFI Transport, LLC's operating authority. The remaining averments of paragraph 31 of the Complaint are denied as conclusions of law to which no responsive pleading is required.

32.    Denied.   It is specifically denied that Mr. Leskowski was the agent, servant, workman and/or employee of answering defendants or that he was acting in the course and scope of his employment, under the direction, control and authority of answering defendants.  It is specifically denied that answering defendants owned

or operated the tractor-trailer involved in the crash.  The remaining averments of paragraph 32 of the Complaint are denied as conclusions of law to which no responsive pleading is required.

33.    Denied.  It is specifically denied that Mr. Leskowski was driving a Volvo or hauling a Wabash owned, leased, assigned and/or operated by answering defendants.

34.    Denied.  Paragraph 34 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

35.    Denied.  Paragraph 35 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

36.    Denied.  Paragraph 36 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

37.    Denied.  Paragraph 37 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

38.    Admitted in part; denied in part.  Upon information and belief, it is admitted only that UNFI contracted with Coyote for Coyote to provide property broker services for the load being transported by Mr. Leksowski.  The remaining averments of paragraph 38 of the Complaint are specifically denied, and strict proof thereof is demanded herein.

39.     Denied.  Paragraph 39 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

40.     Denied.  Paragraph 40 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

41.     Denied.  Paragraph 41 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

42.     Denied.  Paragraph 42 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

43.     Denied.  Paragraph 43 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

44.     Denied.  Paragraph 44 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

## JURISDICTION AND VENUE

45.     Denied.  Paragraph 45 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

46.     Denied.  Paragraph 46 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

## OPERATIVE FACTS COMMON TO ALL COUNTS

47.    Answering defendants incorporate by reference their answers to paragraphs 1 through 46 of the Complaint as though the same were fully set forth at length herein.

48.    Denied.  It is specifically denied that answering defendants owned, leased, assigned, and/or operated the 2000 Volvo tractor-trailer or the Wabash trailer.   Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments contained in paragraph 48 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

49.    Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 49 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

50.    Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 50 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

51.    Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 51

of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

52.     Denied.  Answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 52 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

53.     Denied.  Paragraph 53 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 53 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 53 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

54.     Denied.  The averments of paragraph 54 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 54 referring to other parties are deemed to refer to answering defendants, paragraph 54 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the extent that it is deemed that paragraph 54 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge

sufficient to form a belief as to the truth of the averments contained in paragraph 54 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

55.    Denied.   The averments of paragraph 55 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 55 referring to other parties are deemed to refer to answering defendants, paragraph 55 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the extent that it is deemed that paragraph 55 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 55 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

56.    Denied.  Paragraph 56 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 56 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 56 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

16119599-1

55 [sic].    Denied.    Paragraph 55[sic] of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the extent that it is deemed that paragraph 55[sic] contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 55[sic] of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

56[sic].    Denied.   The averments of paragraph 56 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 56 referring to other parties are deemed to refer to answering defendants, paragraph 56 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the extent that it is deemed that paragraph 56 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 56 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

57.    Denied.  Paragraph 57 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 57 contains facts to which a responsive

pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 57 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.

58.     Denied.  The averments of paragraph 58 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 58 referring to other parties are deemed to refer to answering defendants, paragraph 58 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the extent that it is deemed that paragraph 58 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 58 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

59.     Denied.  The averments of paragraph 59 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 59 referring to other parties are deemed to refer to answering defendants, paragraph 59 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   To the

extent that it is deemed that paragraph 59 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 59 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

60.     Denied. Paragraph 60 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 60 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 60 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.

61.     Denied.  Paragraph 61 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 61 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 61 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants deny that they

employed and/or contracted with Mr. Leksowski.

62.     Denied.  Paragraph 62 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 62 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 62 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.

63.     Denied.  Paragraph 63 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

64.     Denied.  Paragraph 64 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

65.     Denied.  Paragraph 65 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

66.     Denied.  Paragraph 66 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

67.     Denied.  Paragraph 67 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

68.     Denied.  Paragraph 68 of the Complaint contains conclusions of law to

which no responsive pleading is required, and therefore, said averments are denied.

## COUNT I
## WRONGFUL DEATH
## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF
## RAVEN E. LEE V. ALL DEFENDANTS

69.     Answering defendants incorporates by reference their answers to paragraphs 1 through 69 of the Complaint as though the same were fully set forth at length herein.

70.     Denied.  Paragraph 70 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 70 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 70 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

71.     Denied.  Paragraph 71 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 71 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 71 of the Complaint, and therefore, said averments are denied and strict proof is

demanded herein.

72.     Denied.  Paragraph 72 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. To the extent that it is deemed that paragraph 72 contains facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 72 of the Complaint, and therefore, said averments are denied and strict proof is demanded herein.

73.     Denied.  Paragraph 73 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

74.     Denied.  Paragraph 74 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

75.     Denied.  Paragraph 75 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

76.     Denied.  Paragraph 76 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against

plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT II
## SURVIVAL ACTION
## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF
## RAVEN E. LEE V. ALL DEFENDANTS

77.     Answering defendants incorporate by reference their answers to paragraphs 1 through 76 of the Complaint as though the same were fully set forth at length herein.

78.     Denied.  Paragraph 78 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

79.     Denied.  Paragraph 79 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

80.     Denied.  Paragraph 80 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

81.     Denied.  Paragraph 81 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

82.     Denied.  Paragraph 82 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief

requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III
## VICARIOUS LIABILITY
## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. ALL DEFENDANTS as being vicariously liable for GREGORY LEKSOWSKI

83.     Answering defendants incorporate by reference their answers to paragraphs 1 through 82 of the Complaint as though the same were fully set forth at length herein.

84(a) – (jj).  Denied.  Paragraph 84 of the Complaint and its subparagraphs (a) through (jj) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

85.     Denied.  Paragraph 85 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

86.     Omitted in Complaint.

87.     Omitted in Complaint.

88.     Omitted in Complaint.

89.     Omitted in Complaint.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF GREGORY LEKSOWSKI

## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. ALL DEFENDANTS

90.     Answering defendants incorporate by reference their answers to paragraphs 1 through 89 of the Complaint as though the same were fully set forth at length herein.

91.     Denied.  Paragraph 91 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

92.     Denied.  Paragraph 92 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

93.     Denied.  Paragraph 93 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

94.     Denied.  Paragraph 94 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

95.     Denied.  Paragraph 95 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

96.     Denied.  Paragraph 96 of the Complaint and its subparagraphs (a) through (qq) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

97.     Omitted in Complaint.

98.     Denied.  Paragraph 98 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief

requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF GOLF TRANSPORTATION, INC AND O'CONNOR TRUCKING, INC.

### MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. UNITED NATURAL FOODS, INC. AND UNFI TRANSPORT, LLC

99.    Answering defendants incorporate by reference their answers to paragraphs 1 through 98 of the Complaint as though the same were fully set forth at length herein.

100.   Denied.  Paragraph 100 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

101.   Denied.  Paragraph 101 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

102.   Denied.  Paragraph 102 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

103.   Denied.  Paragraph 103 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

104(a) through (l). Denied.   Paragraph 104 of the Complaint and its subparagraphs (a) through (l) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

105.   Denied.  Paragraph 105 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

106(a) – (cc).       Denied.    Paragraph 106 of the Complaint and its subparagraphs (a) through (cc) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

107(a) – (ee).       Denied.    Paragraph 107 of the Complaint and its subparagraphs (a) through (ee) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.   By way of further response, answering defendants specifically denies that they selected Golf Transport and/or O'Connor as a carrier.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

108.   Denied.  Paragraph 108 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are

denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VI
## NEGLIGENT ENTRUSTMENT

## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. ALL DEFENDANTS

109.   Answering defendants incorporate by reference their answers to paragraphs 1 through 108 of the Complaint as though the same were fully set forth at length herein.

110.   Denied.  Paragraph 110 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

111.   Denied.  Paragraph 111 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

112.   Denied.  Paragraph 112 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are

denied.

113.   Denied.  Paragraph 113 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.

114.   Denied.  Paragraph 114 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

115.   Denied.  Paragraph 115 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

116.   Denied.  Paragraph 116 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

117.   Denied.  Paragraph 117 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, answering defendants specifically deny all

allegations of negligence, carelessness and/or recklessness.

118(a) – (cc).   Denied.   Paragraph 118 of the Complaint and its subparagraphs (a) through (cc) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  To the extent that it is deemed that paragraph 118 and its subparagraphs (a) through (cc) contain facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 118 of the Complaint and its subparagraphs (a) through (cc), and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

119(a) – (l). Denied.  Paragraph 119 of the Complaint and its subparagraphs (a) through (l) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  To the extent that it is deemed that paragraph 119 and its subparagraphs (a) through (l) contain facts to which a responsive pleading is required, answering defendants are without information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 119 of the Complaint and its subparagraphs (a) through (l), and therefore, said averments are denied and strict proof is demanded herein.  By way of further response, answering defendants specifically deny all allegations of negligence,

carelessness and/or recklessness.

120.   Denied.  Paragraph 120 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

121.   Denied.  Paragraph 121 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

122.   Denied.  Paragraph 122 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

123.   Denied.  Paragraph 123 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

124.   Denied.  Paragraph 124 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

125.   Denied.  Paragraph 125 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

126.   Denied.  Paragraph 126 of the Complaint contains conclusions of law

to which no responsive pleading is required, and therefore, said averments are denied.

127.   Denied.  Paragraph 127 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VII
## NEGLIGENT UNDERTAKING

## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. UNITED NATURAL FOODS, INC. AND UNFI TRANSPORT, LLC

128.   Answering defendants incorporate by reference their answers to paragraphs 1 through 127 of the Complaint as though the same were fully set forth at length herein.

129.   Denied.  Paragraph 129 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

130.   Denied.  Paragraph 130 of the Complaint contains conclusions of law

to which no responsive pleading is required, and therefore, said averments are denied.

131.   Denied.  Paragraph 131 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

132.   Denied.  Paragraph 132 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

133.   Denied.  Paragraph 133 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

134.   Denied.  Paragraph 134 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

135.   Denied.  Paragraph 135 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further response, and without waiving the foregoing objections, answering defendants specifically deny that it hired Golf Transport, O'Connor and/or Mr. Leksowski.

136.   Denied.  Paragraph 136 of the Complaint contains conclusions of law

to which no responsive pleading is required, and therefore, said averments are denied.

137.   Denied.  Paragraph 137 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

138.   Denied.  Paragraph 138 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

139(a) – (p).       Denied.   Paragraph 139 of the Complaint and its subparagraphs (a) through (p) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

140(a) – (rr).       Denied.   Paragraph 140 of the Complaint and its subparagraphs (a) through (rr) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

141.   Denied.  Paragraph 141 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

142(a) – (pp).       Denied.   Paragraph 142 of the Complaint and its subparagraphs (a) through (pp) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.  By way of further

response, answering defendants specifically deny all allegations of negligence, carelessness and/or recklessness.

143.   Denied.  Paragraph 143 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants demand judgment against plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this court may deem equitable and just.

## COUNT VIII
## NEGLIGENT UNDERTAKING

## MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. GOLF TRANSPORTATION, INC.

144.   Answering defendants incorporate by reference their answers to paragraphs 1 through 143 of the Complaint as though the same were fully set forth at length herein.

145.   Denied.  The averments of paragraph 145 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 145 referring to other parties are deemed to refer to answering defendants, paragraph 145 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

146.   Denied.   The averments of paragraph 146 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 146 referring to other parties are deemed to refer to answering defendants, paragraph 146 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

147.   Denied.   The averments of paragraph 147 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 147 referring to other parties are deemed to refer to answering defendants, paragraph 147 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

148.   Denied.   The averments of paragraph 148 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 148 referring to other parties are deemed to refer to answering defendants, paragraph 148 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

149.   Denied.   The averments of paragraph 149 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the

averments of paragraph 149 referring to other parties are deemed to refer to answering defendants, paragraph 149 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

150.   Denied.  The averments of paragraph 150 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 150 referring to other parties are deemed to refer to answering defendants, paragraph 150 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

151.   Denied.  The averments of paragraph 151 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 151 referring to other parties are deemed to refer to answering defendants, paragraph 151 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

152.   Denied.  The averments of paragraph 152 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 152 referring to other parties are deemed to refer to answering defendants, paragraph 152 of the Complaint contains conclusions of law

to which no responsive pleading is required, and therefore, said averments are denied.

153.   Denied.  The averments of paragraph 153 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 153 referring to other parties are deemed to refer to answering defendants, paragraph 153 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

154.   Denied.  The averments of paragraph 154 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 154 referring to other parties are deemed to refer to answering defendants, paragraph 154 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

155(a) – (rr).        Denied.   The averments of paragraph 155 and its subparagraphs (a) through (rr) refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 155 and its subparagraphs (a) through (rr) referring to other parties are deemed to refer to answering defendants, paragraph 155 of the Complaint and its subparagraphs (a) through (rr) contains conclusions of law to which no responsive pleading is

required, and therefore, said averments are denied.

156.   Denied.   The averments of paragraph 156 refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 156 referring to other parties are deemed to refer to answering defendants, paragraph 156 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

157(a) – (pp).      Denied.      The averments of paragraph 157 and its subparagraphs (a) through (pp) refer to parties other than answering defendants and therefore, no response is required.   To the extent that the averments of paragraph 157 and its subparagraphs (a) through (pp) referring to other parties are deemed to refer to answering defendants, paragraph 157 of the Complaint and its subparagraphs (a) through (pp) contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

158.   Denied.  The averments of paragraph 158 refer to parties other than answering defendants and therefore, no response is required.  To the extent that the averments of paragraph 158 referring to other parties are deemed to refer to answering defendants, paragraph 158 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IX
## JOINT VENTURE

### MICHAEL LEE, AS THE ADMINISTRATOR OF THE ESTATE OF RAVEN E. LEE V. ALL DEFENDANTS

159. Answering defendants incorporates by reference their answers to paragraphs 1 through 158 of the Complaint as though the same were fully set forth at length herein.

160. Denied. Paragraph 160 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

161. Denied. Paragraph 161 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

162. Denied. Paragraph 162 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

163.   Denied.  Paragraph 163 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

164.   Denied.  Paragraph 164 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

165.   Denied.  Paragraph 165 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

166.   Denied.  Paragraph 165 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

167.   Denied.  Paragraph 167 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

168.   Denied. Paragraph 168 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. By way of further response, answering defendant denies that it employed and/or contracted with Mr. Leksowski.

169.   Denied.  Paragraph 169 of the Complaint contains conclusions of law

to which no responsive pleading is required, and therefore, said averments are denied.

170. Denied. Paragraph 170 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

171. Denied. Paragraph 171 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

172. Denied. Paragraph 172 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

173. Denied. Paragraph 173 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied. By way of further response, answering defendants deny that they employed and/or contracted with Mr. Leksowski.

174. Denied. Paragraph 174 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

175. Denied. Paragraph 175 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are

denied.

176.   Denied.  Paragraph 176 of the Complaint contains conclusions of law to which no responsive pleading is required, and therefore, said averments are denied.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

### AS AND FOR A FIRST DEFENSE

177.   Plaintiff's Complaint fails to state a cause of action against answering defendants upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

178.   Plaintiff failed to give timely notice of a claim.

### AS AND FOR A THIRD DEFENSE

179.   Plaintiff's damages are speculative, and therefore, plaintiff is barred from recovery.

## AS AND FOR A FOURTH DEFENSE

180.   No conduct alleged on the part of answering defendants contributed to plaintiff's alleged damages.

## AS AND FOR A FIFTH DEFENSE

181.   Plaintiff's claims against answering defendants, whether based upon statute or common law, are precluded because plaintiff's damages were caused by an Act of God, an unavoidable accident or a sudden emergency and not by the negligence of answering defendants.

## AS AND FOR A SIXTH DEFENSE

182.   Service of process was improper and/or insufficient.

## AS AND FOR A SEVENTH DEFENSE

183.   Plaintiff failed to mitigate any alleged damages, said damages being specifically denied by answering defendants.

## AS AND FOR AN EIGHTH DEFENSE

184.   Any damages claimed by plaintiff, said damages being specifically denied by answering defendants, were caused by the culpable conduct of parties or entities other than defendants and/or other parties or entities or persons.

## AS AND FOR A NINTH DEFENSE

185.   Plaintiff's lawsuit is time-barred as against answering defendants, because it was not filed within the time provided by contract, common law and/or applicable statute.

## AS AND FOR A TENTH DEFENSE

186.   Plaintiff is not the proper party in interest and has no standing to bring this action.

## AS AND FOR AN ELEVENTH DEFENSE

187.   Plaintiff's claim is time barred by the relevant Statute of Limitations.

## AS AND FOR A TWELFTH DEFENSE

188.   The alleged injuries of plaintiff's decedent were the result of plaintiff's decedent's own negligence which exceeded any negligence of answering defendants, all negligence of answering defendants being expressly denied.

## AS AND FOR A THIRTEENTH DEFENSE

189.   Answering defendants believe and therefore aver that if plaintiff and/or plaintiff's decedent sustained the injuries and damages as alleged in plaintiff's Complaint, said injuries and/or damages were not the result of any act or failure to act on the part of answering defendants, all such allegations being expressly denied by answering defendants, and plaintiff's action is therefore barred.

## AS AND FOR A FOURTEENTH DEFENSE

190.   Plaintiff's decedent had knowledge of and assumed the risks incident to the operation of the motor vehicle plaintiff was in and any and all other actions at all times material hereto.  Any and all injuries and damages sustained by plaintiff and/or plaintiff's decedent as a result were caused by and arose out of said risks.

## AS AND FOR A FIFTEENTH DEFENSE

191.   Plaintiff's alleged injuries were the result of intervening, superseding acts of negligence of a person or persons outside the control of answering defendants.

## AS AND FOR A SIXTEENTH DEFENSE

192.   Plaintiff's and plaintiff's decedent's  alleged damages and injuries, if any, were proximately caused, in whole or in part, by the actions of third parties over whom answering defendants had no control or legal responsibility.

## AS AND FOR A SEVENTEENTH DEFENSE

193.   Answering defendants did not breach a duty owed to plaintiff.

## AS AND FOR AN EIGHTEENTH DEFENSE

194.  The accident described in plaintiff's Complaint was caused by individuals and/or entities over whom answering defendants had no control at any time material hereto.

## AS AND FOR A NINETEENTH DEFENSE

195.   None of the vehicles involved in the alleged incident were owned by answering defendants.

## AS AND FOR A TWENTIETH DEFENSE

196.   Answering defendant UNFI was the consignee of the subject load and did not employ, engage or hire Golf Transportation, Inc., O'Connor Trucking, Inc., J.P. Logistics, Inc., or Mr. Leksowski to move the subject load.

## AS AND FOR A TWENTY FIRST DEFENSE

197.   Answering defendant UNFI Transport, LLC had no involvement with the subject load and did not employ, engage or hire Golf Transportation, Inc., O'Connor Trucking, Inc., J.P. Logistics, Inc., Mr. Leksowski, and/or Coyote Logistics to move the subject load.

## AS AND FOR A TWENTY SECOND DEFENSE

198.   Answering defendants were not engaged in the transportation of any goods or passengers relative to the alleged accident giving rise to this lawsuit.

## AS AND FOR A TWENTY THIRD DEFENSE

199.   Answering defendants did not receive any compensation for transport of any goods or passengers relative to the alleged accident giving rise to this lawsuit.

## AS AND FOR A TWENTY FOURTH DEFENSE

200.   Answering defendants did not select the motor carrier involved in the alleged accident giving rise to this lawsuit.

## AS AND FOR A TWENTY FIFTH DEFENSE

201.   Plaintiff's decedent's negligence, carelessness and/or recklessness, diminishes or bars plaintiff's recovery against answering defendants pursuant to the provisions of the Pennsylvania comparative negligence statute.

## AS AND FOR A TWENTY SIXTH DEFENSE

202.   Answering defendants claim all defenses available to it under the provisions of the Pennsylvania Motor Vehicle and Financial Responsibility Act set forth in 75 Pa.C.S.A. § 1701 et. seq.

## AS AND FOR A TWENTY SEVENTH DEFENSE

203.   Plaintiff's decedent failed to comply with applicable state laws, including, but not limited to, the motor vehicle code.

## AS AND FOR A TWENTY EIGHTH DEFENSE

204.   Plaintiff's claims are barred or limited by plaintiff's decedent's violation of the rules, regulations, and statutes of the Commonwealth of Pennsylvania, and of all local authorities relevant hereto, governing the operation of motor vehicles on the streets and highways.

## AS AND FOR A TWENTY NINTH DEFENSE

205.   Defendants avers that the claims against it are barred by the doctrines of laches, collateral estoppel, res judicata, release, waiver, and/or all statute of limitation provisions.

## AS AND FOR A THIRTIETH DEFENSE

206.   Plaintiff's claims are barred by the actions, omissions, and course of conduct of plaintiff's decedent, rendering said party *in pari delicto.*

## AS AND FOR A THIRTY FIRST DEFENSE

207.   Answering defendants claim and assert any and all other defenses available under or pursuant to any statute, including but not limited to any and all suit-filing provisions, limitations of liability and/or venue provisions.

## AS AND FOR A THIRTY SECOND DEFENSE

208.   Under all of the circumstances existing, answering defendants acted reasonably, carefully, lawfully, and prudently, fulfilling any and all duties owed to persons in the position of plaintiff, to the extent reasonable and possible.

## AS AND FOR A THIRTY THIRD DEFENSE

209.   Answering defendants' acts and/or omissions were not reckless, outrageous, malicious, oppressive, willful, wanton, or deliberate.

<u>AS AND FOR A THIRTY FOURTH DEFENSE</u>

210.   Answering defendants reserve the right to assert such further affirmative defenses as may become known through discovery or as this matter progresses.

WHEREFORE, answering defendants respectfully requests that this Honorable Court dismiss plaintiff's Complaint with prejudice, deny the relief requested therein, enter judgment in favor of said answering defendants and against plaintiff, and grant such other and further relief as this Honorable Court deems just and proper.

**CROSS-CLAIM FOR CONTRIBUTION AND INDEMNITY OF DEFENDANTS UNFI AND UNFI TRANSPORT, LLC AGAINST DEFENDANTS GOLF TRANSPORTATION, INC., O'CONNOR TRUCKING, INC., and J.P. LOGISTICS, INC.**

211.   Answering defendants, UNFI and UNFI Transport, LLC, incorporate by reference their answers to all paragraphs of the plaintiff's Complaint together with all Affirmative Defenses as set forth in said Answer to the Complaint  as if set forth herein at length.

212.   If the incident, damages and losses alleged in the plaintiff's Complaint are proven at trial to be true, said alleged accident, damages and losses being specifically denied by answering defendants, then said accident, damages and/or injuries were caused in whole or in part by the fault and negligence of co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc., and

without the fault or negligence of answering defendants, their officers, agents, servants, or employees and plaintiff should recover said alleged damages and loses solely from co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc.

213.   If it is determined at trial that answering defendants are liable to plaintiff for the accident, damages and/or losses alleged in the Complaint, said liability, incident, damages, allegations, and losses being specifically denied by answering defendants, then such liability derives in whole or in part from the fault and negligence of co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc., and, therefore, answering defendants should be granted recovery over and against co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc., and be indemnified by, be contractually indemnified by, and/or secure contribution from co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc. for all sums so recovered against answering defendant, inclusive of counsel fees and expenses.

WHEREFORE, answering defendants, UNFI and UNFI Transport, LLC demand judgment in their favor and against co-defendants Golf Transportation, Inc., O'Connor Trucking, Inc., and/or J.P. Logistics, Inc. for full common law and/or statutory indemnity, contractual indemnity, and/or contribution together with costs

of suit, counsel fees and such further relief as this Honorable Court may deem just and proper under the circumstances.

### CROSS-CLAIM FOR BREACH OF CONTRACT OF DEFENDANTS, UNFI AND UNFI TRANSPORT, LLC AGAINST DEFENDANT GOLF TRANSPORTATION, INC.

214.   Answering defendants, UNFI and UNFI Transport, LLC, incorporate by reference their answers to all paragraphs of the plaintiff's Complaint together with all Affirmative Defenses and Cross Claims as set forth in said Answer to the Complaint.

215.   UNFI contracted with Coyote Logistics, LLC [hereinafter "Coyote"] for Coyote to provide property broker services to UNFI.

216.   UNFI contracted with Coyote to provide property broker services for a load which, upon information and belief, was being transported by Mr. Leksowski at the time of the accident [hereinafter "Subject Load"].

217.   Upon information and belief, Coyote brokered the Subject Load to Golf Transportation, Inc.

218.   Upon information and belief, Coyote instructed Golf Transportation, Inc. that the Subject Load "shall not be double brokered."

219.   Upon information and belief, Golf Transportation, Inc. improperly double brokered the load to O'Connor Trucking, Inc.

220.    Upon information and belief, Mr. Leskowski, the driver of the tractor-trailer in the subject accident was an employee or agent of O'Connor Trucking, Inc.

221.    Upon information and belief, the Carrier Agreement between Coyote Logistics, LLC ["BROKER"] and Golf Transportation, Inc. ["CARRIER"] states in pertinent part as follows:

1.    **SCOPE OF WORK.**  BROKER agrees to cause freight to be tendered to CARRIER, and CARRIER agrees to pick up, transport, and deliver such freight and provide all such services as BROKER shall request on all freight tendered by BROKER as set forth in a Load Confirmation Sheet ("the Services").  CARRIER warrants and agrees that all freight tendered to it by BROKER pursuant to this Agreement shall only be transported by CARRIER on, in or with equipment owned by CARRIER or leased to CARRIER under a lease having a duration of more than thirty (30) days and operating under CARRIER's operating authorities.  CARRIER shall not, in any manner, subcontract, broker, or tender to any third party for transportation any freight tendered to CARRIER by BROKER for transportation pursuant to this Agreement, except to the extent CARRIER uses the services of an owner/operator and provided that the owner/operator is providing such transportation services and operating equipment duly authorized under CARRIER's operating authority.

*                    *                    *

9.    **INSURANCE.**  CARRIER shall at all times during the Terms of this Agreement have and maintain in full force and effect, the following minimum insurance:

A.    Commercial Automobile Liability Insurance.  Commercial Automobile Liability Insurance with a combined single limit of not less than $1,000,000.00, each accident; . . .

*                    *                    *

F.     <u>Insurance Policies</u>.  BROKER and its Customer shall be named as Additional Insured and/or loss payee as applicable, upon request. . . . CARRIER's insurance shall be primary and applicable separately with respect to all insured, and CARRIER'S insurer shall be required to respond and to pay prior to other available coverage. . . . The failure of CARRIER to secure an appropriate clause in or endorsement to its respective insurance coverage, which waives the right of subrogation as provided for in this Section, 9(G), shall not in any manner affect the intended waiver the release and shall be a material breach of this Agreement.

\*                         \*                         \*

**<u>INDEMNITY</u>**.  To the fullest extent permitted by law, <u>CARRIER shall defend, indemnify, and hold harmless BROKER and its affiliates, together with BROKER's Customers</u>, agents, insurers and reinsurers, successors, and assigns, and each of them, jointly and severally, from and against any and all claims, liabilities, damages, demands, expenses, including without limitation reasonable attorney fees or other professional fees, actions, and causes of action, suits at law and proceedings in equity, arising out of or in connection with (i) the operations and activities of CARRIER hereunder, as a motor carrier or otherwise, (ii) CARRIER's performance of Services pursuant to this Agreement; (iii) any breach of CARRIER's obligations under this Agreement; . . . (iv) violation by CARRIER, of any federal, state, provincial, territorial, or local law, rule or regulation; . . .

<u>See</u> Exhibit "A" (emphasis added).

222.   The Carrier Agreement between Coyote and Golf Transportation, Inc. was amended by the verbal agreement between Coyote and Golf Transportation on September 24, 2020 as evidenced by the Rate Confirmation for the Subject Load. <u>See</u> Exhibit "B."

223.   The Rate Confirmation specifically states:   "THIS LOAD SHALL NOT BE DOUBLE BROKERED."

224.   UNFI is a Customer of Coyote and therefore, is a third party beneficiary of the Carrier Agreement between Coyote and Golf Transportation, Inc.

225.   UNFI Transport, LLC is a subsidiary of UNFI which had no involvement with the Subject Load or the transportation process alleged in the plaintiff's Complaint and has been improperly named.

`   226.   Plaintiff's Complaint is a claim against Coyote's client for claims, liabilities, damages, demands and expenses arising out of (i) the operations and activities of Golf Transportation, Inc.; (ii) Golf Transportation, Inc.'s obligations under the Agreement; (iii) Golf Transportation, Inc.'s breach of its obligations under this Agreement; and (iv) violations by Golf Transportation, Inc. of federal, state, or local law, rule or regulation.

227.   Under the terms of the Carrier Agreement, Golf Transportation, Inc. is required to indemnify and hold harmless UNFI and UNFI Transport, LLC from and against any and all claims, liability, damages, demands, expenses, including without limitation reasonable attorney's fees or other professional fees, actions, and causes of action, suits at law and proceedings in equity as a result of (i) the operations and activities of Golf Transportation, Inc.; (ii)  Golf Transportation, Inc.'s obligations under the Agreement; (iii) Golf Transportation, Inc.'s breach of its obligations under

this Agreement; and (iv) violations by Golf Transportation, Inc. of federal, state, or local law, rule or regulation.

228.   Golf Transportation, Inc. was also required to name Coyote and UNFI as additional insureds and/or loss payee on Golf Transportation, Inc.'s insurance.

229.   Despite the terms of the Carrier Agreement, Golf Transportation, Inc. has failed and/or refused to defend and indemnify UNFI and/or UNFI Transport, LLC for plaintiff's claim.

230.   Golf Transportation, Inc.'s refusal to defend and indemnify UNFI and UNFI Transport, LLC is a breach of the Carrier Agreement.

231.   Golf Transportation, Inc.'s failure to name UNFI and UNFI Transport, LLC as additional insureds and/or failure to provide defense and indemnification as additional insureds on its insurance policy is a breach of the Carrier Agreement.

232.   As a result of Golf Transportation, Inc.'s breach of the Carrier Agreement, UNFI and UNFI Transport, LLC have been caused to incur damages related to the defense of this case.

233.   As a result of Golf Transportation, Inc.'s breach of the Carrier Agreement, UNFI and UNFI Transport, LLC have sustained damages in the form of claims against it for plaintiff's alleged damages which may cause more damages to UNFI and UNFI Transport, LLC.

WHEREFORE, answering defendant, UNFI and UNFI Transport, LLC, demand judgment in their favor and against co-defendant, Golf Transportation, Inc., together with costs, counsel fees, defense, indemnification, and such other and further relief that this Honorable Court deems just and appropriate.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNITY OF ANSWERING DEFENDANTS, UNFI AND UNFI TRANSPORT, LLC AGAINST GOLF TRANSPORTATION, INC.

234.   Answering defendants, UNFI and UNFI Transport, LLC, incorporate by reference their answers to all paragraphs of the plaintiff's Complaint together with all Affirmative Defenses and Cross Claims as set forth in said Answer to the Complaint.

235.   Answering defendants, UNFI and UNFI Transport, LLC deny any liability to any party in this matter.

236.   To the extent that answering defendants, UNFI and UNFI Transport, LLC, are liable to plaintiff on the claims asserted in the Complaint, Golf Transportation, Inc. is liable over to answering defendants, UNFI and UNFI Transport, LLC, in whole or in part, for contractual liability to the extent that any contracts and/or agreements exist hereupon Golf Transportation, Inc. agreed to defend and indemnify answering defendants, UNFI and UNFI Transport, LLC, against the plaintiff's claims or the claims related to this litigation.

WHEREFORE, answering defendants, UNFI and UNFI Transport, LLC demand judgment in their favor and against co-defendant, Golf Transportation, Inc., together with costs, counsel fees, defense, indemnification, and such other and further relief that this Honorable Court deems just and appropriate.

<u>**REQUEST FOR JURY TRIAL**</u>

Answering defendants hereby request a trial by jury on all issues that are triable.

RAWLE & HENDERSON LLP

By: _____
            Gary N. Stewart
            Identification No.: 67353
            Diane B. Carvell
            Identification No.: 77983
            Attorneys for Defendants
            UNFI and UNFI Transport, LLC
            Payne Shoemaker Bldg., 9th Flr.
            240 N. Third Street
            Harrisburg, Pennsylvania 17101
            gstewart@rawle.com
            dcarvell@rawle.com
            (717) 234-7700
            (717) 234-7710
Dated: October 10, 2022      Our File No: 251,768

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of UNFI and UNFI Transport, LLC's Answer with Affirmative Defenses was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Edward J. Ciarimboli, Esquire / Michael J. O'Neill, Esquire
Corey S. Suda, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
*Attorneys for Plaintiff, Michael Lee a/a/o the Estate of Raven E. Lee*

Joseph R. Fowler, Esquire / Samuel Garson, Esquire
Fowler Hirtzel McNulty & Spaulding, LLP
Three Logan Square, Suite 1310
1717 Arch Street
Philadelphia, PA 19103
*Attorneys for Defendants Golf Transportation, Inc. and JP Logistics, Inc.*

Wade Manley, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
PO Box 109
Lemoyne, PA 17403
*Attorneys for Defendant O'Connor Trucking, Inc.*

RAWLE & HENDERSON LLP

By:_____
Gary N. Stewart, Esquire
Diane B. Carvell, Esquire
Attorneys for Defendants,
Dated: October 10, 2022                UNFI and UNFI Transport, LLC

16119599-1