

Michael O'Neill
moneill@fclawpc.com

Results Matter. Client Focused.

October 11, 2022

**VIA ECF FILING**
Honorable Karoline Mehalchick
United States Magistrate Judge
Middle District of Pennsylvania
Scranton, PA 18510

      **RE:**    **Our Client**    **: ESTATE OF RAVEN LEE AND CHAZ BASTONE**
             **Docket No**     **: 3:21-CV-1948**

Dear Judge Mehalchick:

    Despite my ongoing efforts to obviate Your Honor's intervention in this matter's ongoing discovery disputes, Mr. Stewart's letter of October 10, 2022, as well as recent case developments demand I do so.

    First, please allow me to respond to Mr. Stewart's correspondence to the Court wherein he stated that I "provided only 4 dates" with which to take the depositions which, as the Court is aware, I had been spending months attempting to schedule. Counsel for defendants Golf Transport and O'Connor Trucking were first to respond to the Court ordered e-mail chain attempting to schedule these overdue depositions. I believe your Honor was actually a party to these e-mails. There were only 4 dates from August 30th to October 17th that were available between these two defendants. After those dates were provided Mr. Stewart, counsel for UNFI and Coyote, indicated that he and his co-counsel were only available on one day, October 10th. I had exactly 2 conflicts from August 30th through October 17th that I could not, at that time, work around: (1) I had a scheduled pre-trial conference on October 7, 2022; and (2) I was to pick a jury on October 13, 2022. Despite jury selection being on the 13th I nonetheless offered to use the 12th of October just so I could get these depositions taken as they had been cancelled by defendants, for no good reason, multiple times.

    Further, defendant Coyote, for the first time, unilaterally noticed the deposition of Mr. Lee, the administrator of his daughter's Estate, on September 16, 2022. This was after the original discovery end date. At no time during the initial discovery period of these cases did any defendant ever notice the deposition of anyone, party or otherwise. In fact, no defendant to date has noticed any deposition in the Anderson Bastone matter despite plaintiff having served its Rule 26 disclosures in July. (Notably, no defendant has served

183 Market Street, Suite 200, Kingston PA 18704 – 436 Biden Street, Suite 100, Scranton PA 18503
555 East Lancaster Ave, Suite 100, Radnor PA, 19087 – 2101 Market Street, Suite 303, Philadelphia PA 19103

Phone: 484.583.7049  Fax: 570.714.7255   Fellermanlaw.com



Michael O'Neill
moneill@fclawpc.com

its required Rule 26 disclosures in the Bastone matter.)  That said, Plaintiffs have taken the position since the spring of 2022 that these matters should be consolidated and importantly, defendants consented to consolidation and for the matters to proceed before Your Honor.  That defendants Coyote and UNFI are now suggesting they require additional time for discover is so only because they failed to engage in meaningful discovery through the pendency of these matters.  They certainly cannot claim surprise that the cases were consolidated and are moving forward on the same track.

As for discovery issues that must be addressed by the Court, Plaintiffs will be filing a motion for sanctions the as soon as possible upon receipt of yesterday's transcript of defendant Coyote's corporate designee.  In the interim I will summarize some of the issues for which we will seek judicial intervention:

(1) On Friday October 7, 2022, at 5:36 p.m., the business day before their deposition, defendant Golf Transportation forwarded, for the first time, objections to Plaintiffs' Notice of Deposition for their corporate designee.  The basis for their objections were that the Notice called for information relative to the time of the Crash in October 2020 and prior.  Defendant Golf's objections noted that their designee, Marek "Mark" Myslek had no information prior to his purchase of Golf on December 1, 2021, 14 months post-crash.  In conversation with counsel for Golf (Mr. Garson), I suggested to him that Golf, pursuant to Rule 30(b)(6) was required to educate itself on those areas of inquiry or find the appropriate person who could testify on the company's behalf.  Further, I indicated to him that a review of the record produced by Coyote showed that Mr. Myslek, the designee identified by Golf to testify on its behalf, was in fact the owner of the company at the time of the crash.  Nonetheless, Golf would not withdraw its objections making the deposition of Mr. Myslek a waste of Plaintiffs' time and resources.  As a result, undersigned counsel adjourned the deposition and indicated that I would move for appropriate sanctions which are forthcoming.

(2) Subsequent to my adjournment of the Golf designee deposition I attempted to confirm that the O'Connor deposition was moving forward as scheduled.  At approximately 12:35 pm on Sunday the 9th of October, less than 24 hours before the scheduled designee deposition was to occur, counsel for defendant O'Connor called me expressing reservations with producing its designee.  I expressed to counsel that defendant Golf's objections, however specious, had no bearing on O'Connor's designee's testimony and reiterated that the Court had put a strict end date to discovery.  He said he "understood" but that he would make a determination later that day as to whether he would produce his designee on the Court ordered date.  At or about 4:30 p.m. counsel for defendant O'Connor sent an e-mail unilaterally adjourning defendant O'Connor's court

183 Market Street, Suite 200, Kingston PA 18704 – 436 Biden Street, Suite 100, Scranton PA 18503
555 East Lancaster Ave, Suite 100, Radnor PA, 19087 – 2101 Market Street, Suite 303, Philadelphia PA 19103

Phone: 484.583.7049  Fax: 570.714.7255   Fellermanlaw.com



ordered deposition. I immediately responded and asked him to reconsider by e-mail and received no response.

(3)   Despite the Court's clear order stating a discovery deadline of October 17th, counsel for O'Connor adjourned its employee's, Gregory Leksowski, deposition scheduled since early September for October 10th to October 19th, after the discovery end date. Again, Plaintiff did not object because we continue to attempt to move these matters along within the Court's schedule Order.

(4)   During today's deposition of Coyote's designee it became apparent that there were numerous discovery deficiencies by defendant Coyote in its production of documents to date. First, Coyote failed to timely respond to written discovery in early September and only began substantively responding in late September. These responses, specifically document productions, drug out to literally the morning of their designee's deposition. Nonetheless, in an effort to complete discovery in the Court's time frame I moved forward with the deposition. During the deposition it became clear that there were entire categories of documents that were not produced. Of note, "carrier files" of all three defendants are in the possession of defendant Coyote. None of these were produced despite a specific request for the files. Further, none of Coyote's "carrier qualification" documents were produced. Again, despite their existence and despite their specific request. I believe there to be more documents that were not produced and will set forth all in Plaintiffs' motion for sanctions. Finally, the designee produced to speak on behalf of defendant Coyote was not prepared to speak to numerous areas of inquiry set forth in Plaintiffs' Notice. Again, I will enumerate these areas in Plaintiffs' motion for sanctions.

In summary, as the Court has been aware, defendants have been engaged in a concerted, coordinated effort to obstruct and delay discovery in this matter with the goal of pushing the trial date as far out as possible and to provide as little discovery as possible in the mean time. Plaintiffs have endured these efforts to date and, once again we are on the eve of discovery concluding, just as we were in late August, and the defendants are once again looking for extensions of time to do what they should have done for months at this point. . .engage in litigating these horrific wrongful death matters. Their failures to engage, however, are not the fault of the Plaintiffs nor should the Plaintiffs bear the prejudice that further extensions would bring. Accordingly, I ask the Court to deny defendants' Coyote and UNFI request for "more time." They have had more than sufficient time and they have let that time pass without action.

183 Market Street, Suite 200, Kingston PA 18704 – 436 Biden Street, Suite 100, Scranton PA 18503
555 East Lancaster Ave, Suite 100, Radnor PA, 19087 – 2101 Market Street, Suite 303, Philadelphia PA 19103

Phone: 484.583.7049  Fax: 570.714.7255   Fellermanlaw.com





Results Matter. Client Focused.

Thank you for your courtesy and attention to this correspondence

Very truly yours,

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: _____
      MICHAEL J. O'NEILL ESQUIRE

MJO/tml

183 Market Street, Suite 200, Kingston PA 18704 – 436 Biden Street, Suite 100, Scranton PA 18503
555 East Lancaster Ave, Suite 100, Radnor PA, 19087 – 2101 Market Street, Suite 303, Philadelphia PA 19103

Phone: 484.583.7049  Fax: 570.714.7255   Fellermanlaw.com




Michael O'Neill
moneill@fclawpc.com

Results Matter. Client Focused.

183 Market Street, Suite 200, Kingston PA 18704 – 436 Biden Street, Suite 100, Scranton PA 18503
555 East Lancaster Ave, Suite 100, Radnor PA, 19087 – 2101 Market Street, Suite 303, Philadelphia PA 19103

Phone: 484.583.7049  Fax: 570.714.7255    Fellermanlaw.com