HONORABLE JUDGE KAROLINE MEHALCHICK　　　　　　　　　　31 MAY 2023
MAGISTRATE JUDGE, UNITED STATES COURT
OF THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM NEALON FEDERAL BLDG. & U.S.
COURTHOUSE
235 NORTH WASHINGTON AVENUE
SCRANTON, PA 18503

    MICHAEL LEE AS ADMINISTRATOR OF THE
    ESTATE OF RAVEN LEE, ET AL. V. O'CONNOR
    TRUCKING CO., ET AL.
    21-1948

Your Honor:

Please allow this correspondence as a response to Defendant Coyote's motion to exceed the page and word limitation in its proposed motion for summary judgment identified as Document 120 on the above docket. Please advise should the Court require a more formal response to Coyote's motion.

Coyote proposes to exceed the Court's page limitation by an extraordinary 35 pages, or by more than three (3) times the allowed length. The United States District Court for the Middle District of Pennsylvania has long held that 15 pages and 5,000 words is sufficient in moving under Rule 56 for summary judgment. The 15 page requirement was not pulled out of thin air but, rather, vetted by the Court amongst all of the matters before it including the very most complicated cases. The matter before the Court now is not novel and is not more encompassing than any other matter before the Court and certainly does not require a briefing that would exceed even the Third Circuit Court of Appeals appellate page limits by 20 pages (the 3rd Circuit limits principal and intervenor appellate briefs to 30 pages).

Further, any analysis of the "FAAAA Preemption" should not be so involved as it will necessarily rely on Defendant's attempts at distinguishing this Court's own 2020 opinion wherein it held

that the preemption was not applicable in a factually analogous personal injury trucking case. See *Ciotola v Star Transp & Trucking, LLC*, 481 F Supp 3d 375, 388 (MD Pa, 2020). Effectively Defendant is asking for an additional 35 pages to ask the Court to reverse itself on an issue that was ruled upon just three (3) years ago.

Finally, the request is unnecessarily burdensome and harassing to Plaintiffs. A brief more than three (3) times longer than that permitted by the Court would necessarily require an extension of time with which to respond. While Defendants, or any party, had a deadline of June 2, 2023 to file their motion for summary judgment, nothing prevented any party from filing said motion in advance of that date. By waiting until the deadline to file its motion and waiting until just 2 days before the motion is to be filed with the Court to ask for such an extraordinary and voluminous exception to this Court's long standing 15 page limitation, Defendant has placed Plaintiffs in the position of responding to an extraordinarily long motion for summary judgment in a timely fashion or request an extension to do so which will necessarily require an adjournment of this Court's trial date certain of August 28, 2023.

For all of the above reasons Plaintiffs ask that this Court deny Defendant Coyote's motion to exceed this Court's page limitation for motions for summary judgement and hold Coyote to the standard that all other parties, defendants or otherwise, are held to when filing motions for summary judgment in this Court—15 pages.

Should you have any questions or concerns or require additional information I may be reached at (215) 776-5070 or by e-mail at MJO@theoneillfirm.com.

Respectfully,

/MJO/

Michael J. O'Neill