HONORABLE JUDGE KAROLINE MEHALCHICK                15 NOVEMBER 2023
MAGISTRATE JUDGE, UNITED STATES COURT
OF THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM NEALON FEDERAL BLDG. & U.S.
COURTHOUSE
235 NORTH WASHINGTON AVENUE
SCRANTON, PA 18503

      MICHAEL LEE AS ADMINISTRATOR OF
      THE ESTATE OF RAVEN LEE, ET AL. V.
      O'CONNOR TRUCKING CO., ET AL.
      21-CIV-1948

Your Honor:

      Please allow the following in response to the letter brief of Golf Transportation (Doc. 185) seeking a continuance of the current, trial date-certain of December 11, 2023.

      First, December 11, 2023 is the 5th scheduled trial date for these combined wrongful death cases involving a crash that occurred over 3 years ago and continues to haunt the Bastone and Lee families on a daily basis.  The previous trial dates of January 30, 2023, April 17, 2023, August 28, 2023, and September 25, 2023 have all been continued over the objections of the Plaintiffs who have complied with all scheduling orders set forth by the Court and have been prepared to try these cases since the original trial date.

      As noted in conference with the Court this past Monday, both Mr. Lee and Mr. Bastone, the administrators for their respective children's estates, are elderly men with significant health issues.  Mr. Lee, a veteran, had open hearth surgery last November which delayed his deposition. While he is home and improving his health is an ongoing concern for his family and himself. Mr. Bastone also has serious medical concerns including a recent stroke and hearth issues.  The health issues of Mr. Lee and Mr. Bastone are exacerbated by the stress involved in the continuously moving trial date where they hope to obtain closure for themselves and their families.  With potential pending appeals every day matters with respect to trying these cases and the prejudice to the Plaintiffs cannot be overstated and is literally life and death.

      With respect to Golf Transportation's claimed prejudice should the matter go to trial in December, they continue to fail to provide any assurances that the matter will ever be able to be tried with Mr. Myslek's presence. Regardless of the hypothetical continuance time-line, Golf

cannot state with any degree of certainty that Mr. Myslek will ever be able to testify live at trial. Frankly, there is as much of a chance that Mr. Myslek will be able to testify live during the currently scheduled trial as he may be at some future trial date. As such, any delay would run the same risk as the last which was also caused by Mr. Myslek's unavailability. We may very well be back in this same position the Court and parties are currently in only with additional delays prejudicing only the Plaintiffs and no one else. Accordingly, there are no facts that warrant another continuance of the trial date.

Further, should Mr. Myslek not be able to testify at the December 11, 2023 trial, Golf may be inconvenienced but they are not prejudiced. While Mr. Myslek's testimony may be important, it has been preserved by video deposition and can be played for the jury. Plaintiffs intend to play significant portions of Mr. Myslek's video deposition, conducted without an interpreter as none was requested, at trial. There is also the possibility of his testimony being given to the jury via Zoom or other live-video means. While not ideal, for Golf or the Plaintiffs, it would provide the jury with an opportunity to hear from him real time on the issues presented.

It also cannot be overstated that Mr. Myslek is not a defendant to this case. He was the chosen corporate designee of Golf and O'Connor but, despite the statements of counsel during conference, was not the owner of Golf at the time of the crash as he confirmed at his deposition:

Lines: 037:24 - 038:02

    Q.    Did you have an ownership interest in
Golf Transportation on the date of this crash,
October 7, 2020?
    A.    No.

Lastly, the case relied upon by Golf in its letter-brief is inapplicable to the current

situation. In *Latham v. Crafters, Inc.* the witness who was unable to appear at trial was not only

a witness but was a party and was defending himself *pro se*. Further, the Court noted that his

testimony had not been preserved via deposition. Finally, the witness in that action was

hospitalized at the time of trial and unable to testify by other means and provided a doctor's

letter confirming same. None of these issues are present in the matter before this Court.

In summary, we have a witness who was proffered by the Defendants by choice. He is

not a party to the action. He testified by video and is, upon information and belief, able to testify

by live video should he and his counsel so choose.  Importantly, he is also apparently able to

operate several United States based businesses remotely while being "detained" in the

Dominican Republic. While testifying remotely is certainly not ideal, it is not a fatal dilemma

over which this matter should be adjourned yet again and Plaintiffs respectfully request this

Court deny Golf's request for another continuance of this trial and that trial move forward as

scheduled, date-certain on December 11, 2023.

Respectfully,

/MJO/

Michael J. O'Neill