# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE, as the Administrator of the Estate of RAVEN E. LEE, | Civil Action No.: 3:21-CV-01948-KM |
| Plaintiff, | |
| vs. | |
| GOLF TRANSPORTATION, INC., O'CONNOR TRUCKING, INC., JP LOGISTICS, INC., UNITED NATURAL FOODS, INC., UNFI TRANSPORT LLC, and COYOTE LOGISTICS, LLC | JURY TRIAL DEMANDED |
| Defendants, | |
| ANDERSON BASTONE, as the Administrator of the Estate of CHAZ BASTONE, | Civil Action No.: 3:21-CV-01948-KM |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| GOLF TRANSPORTATION, INC., O'CONNOR TRUCKING, INC., JP LOGISTICS, INC., UNITED NATURAL FOODS, INC., UNFI TRANSPORT LLC, and COYOTE LOGISTICS, LLC | |

## STIPULATION TO ENTER CONSENT JUDGMENT

Plaintiffs, Michael Lee, as Administrator of the Estate of Raven Lee, and Anderson Bastone, as the Administrator of the Estate of Chaz Bastone, through their counsel, The O'Neill Firm LLC; and Defendant, Golf Transportation, Inc., through

its counsel, Fowler, Hirtzel, McNulty & Spaulding, LLC, submit this Stipulation to Enter Consent Judgment, and agree to the following undisputed facts:

1. Decedent, Raven E. Lee, was a competent adult who resided at 6012 North Woodstock Street, Philadelphia, PA 19138.

2. Plaintiff, Michael Lee, is a competent adult who is the Administrator of Raven E. Lee's Estate.

3. Decedent, Chaz Bastone, was a competent adult who resided at 221 Maple Street, Dickson City, PA 18519.

4. Plaintiff, Anderson Bastone, is a competent adult who is the Administrator of Chaz Bastone's Estate.

5. Golf is a foreign corporation with a principal place of business at 51 West Conti Parkway, Apartment B2, Elmwood Park, IL 60707.

6. Michael Lee initiated this action by complaint, and the operative pleading is his first amended complaint filed April 28, 2022 (See ECF 29.) A copy of Lee's First Amended Complaint is also attached as **Exhibit "A"**.

7. Anderson Bastone initiated a separate action, originally docketed at No. 22-878, which was later consolidated at this docket number, and the operative pleading is Bastone's Complaint (See No. 22-878, ECF 1.) A copy of Anderson Bastone's Complaint is also attached as **Exhibit "B"**.

8. This Court has subject matter jurisdiction over these actions under 28 U.S.C. § 1332(a), because Plaintiffs are completely diverse from the defendants and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional limit.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)

10. Both cases arise from a motor-vehicle accident that happened on October 7, 2020, in Lackawanna County, PA, and resulted in the deaths of Raven E. Lee and Chaz Bastone.

11. This matter arises from a fatal motor vehicle crash that occurred on October 7, 2020.

12. By way of a brief summary, in late September former defendant Coyote Logistics, Inc. brokered a load to defendant Golf. Golf had another trucking company, Defendant O'Connor Trucking, Inc., attempt to complete the delivery of the load.

13. There was no written nor oral contract between Golf and O'Connor for the attempted delivery of the load.

14. On October 7, 2020, at approximately 11:18 p.m., O'Connor Trucking, acting as a motor carrier, was operating a truck tractor owned by O'Connor, which was operated by O'Connor employee, Gregory Leskowski, and towing a trailer.

15. While Leskowski's referred to himself as an independent contractor, he was acting as an employee or agent of O'Connor at all material times.

16. Leskowski's was never paid nor contracted by Golf and was never an independent contractor of Golf.

17. At the afformentioned date and time, Decedents, Raven Lee and Chaz Bastone, were the driver and passenger, respectively, of a 2003 Chevrolet Cavalier, and were traveling Northbound on Interstate 81 ("I-81") in Moosic Borough, Lackawanna County.

18. Mr. Leskowski was operating the Volvo tractor owned by defendant O'Connor Northbound on I-81, Lackawanna County, Pennsylvania. While attempting to merge into the right travel lane of I-81 Leskowski crashed into the rear of the personal vehicle driven by Raven Lee, forcing her off of the roadway.

19. The O'Connor tractor and the trailer ultimately came to rest upon Ms. Lee's vehicle, killing Ms. Lee and Mr. Chaz Bastone, her passenger and cousin.

20. Plaintiffs allege that, at all relevant times hereto, Mr. Leskowski exhibited a conscious disregard for the health and safety of the motoring public by operating the tractor and the trailer at dangerously high speeds for the condition, and Plaintiffs would present evidence to a jury to substantiate those allegations.

21. In an effort to prove their allegations, Plaintffs deposed the following persons in discovery:

    a. Trooper Michael Walsh, a first responder (**Exhibit "C"**).

    b. Trooper Jason McKee, a Pennsylvania State Police investigator (**Exhibit "D"**).

    c. Marek Myslek, a corporate designee of Golf (**Exhibit "E"**).

    d. Mr. Leskowski (**Exhibit "F"**).

    e. Chris Jordan, a corporate designee of Coyote Logistics (**Exhibit "G"**).

22. Plaintiffs intend to submit evidence at trial that, prior to Leskowski striking the subject Cavalier, Ms. Lee and Mr. Bastone would have, and did, observe the Volvo tractor trailer bearing down on their vehicle. Plaintiffs intend to show evidence of conscious fear through Ms. Lee's late, and unsuccessful, avoidance maneuver as described in the expert report of Plaintiffs' accident reconstructionist. See Expert Report of Joseph Hudak attached as **Exhibit "H"**.

23. Plaintiffs intend to show that, immediately following Leskowski's vehicle striking the Cavalier from the rear, Ms. Lee and Mr. Bastone would have had at least four seconds of conscious fear of their impending death. *See* Exhibit H, at 7.

24. As a result of the violent collision and underpinning, the Plaintiffs were tragically killed.

25. Plaintiffs intend to prove that, as described above, Ms. Lee experienced pre- and post-impact fright and fear of impending death.

26. Plaintiffs intend to prove that Mr. Bastone experienced the same pre- and post-impact fright and fear of impending death but Mr. Bastone further experienced prolonged conscious pain and suffering as described by Plaintiffs' expert pathologist Francisco Diaz, MD FCAP FASCP. A copy of Dr. Diaz's report is **Exhibit "I"**.

27. Both Michael Lee's First Amended Complaint as well as Anderson Bastone's Complaint assert the following claims against Golf:

    a. Actions sounding in the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301;

    b. Actions sounding in the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302;

    c. Vicarious Liability for the actions of Leskowski;

    d. Negligent and/or Reckless Supervision/Retention and Negligent Selection of O'Connor/ Leskowski;

    e. Negligent Entrustment of the load to O'Connor;

    f. Negligent Undertaking.

28. Plaintiffs also sought punitive damages against Golf.

29. When considering the total potential economic and non-economic damages, Plaintiffs and Golf stipulate that the total possible damages in this case

vastly exceed $7,000,000. This figure does not include punitive damages which are likely more.

30. At the time of the accident, Golf was insured under a commercial auto insurance policy issued by Northland Insurance ("Northland Policy") with an applicable coverage limit of $1,000,000.

31. At the time of the accident, Golf was also insured under a commercial general liability insurance policy issued by Illinois Union Insurance Company ("CHUBB") bearing Policy No. TRKILF146097634-003 ("CHUBB Policy), with an applicable coverage limit of $1,000,000.

32. Accordingly, the total amount of coverage available to Golf is $2,000,000.

33. Despite the foregoing facts, CHUBB has refused to provide coverage to Golf, and notified Golf that it has denied coverage, a denial which it has reaffirmed in correspondence to Golf's attorneys.

34. On January 30, 2023, CHUBB notified Golf and its attorneys that it was denying coverage for this claim.

35. CHUBB reiterated its denial in subsequent correspondence to Golf's attorneys and the Court.

36. Because of CHUBB's refusal to defend and indemnify Golf as outlined above; because Golf's potential exposure exceeds all available insurance coverage;

and to avoid a trial by jury which Plaintiffs and Golf agree could result in a verdict against Golf in excess of $7,000,000, Golf consents to entry of judgment against Golf in the total amount of $7,000,000 ("the Consent Judgment") and to waive any appeal if the Consent Judgment is entered as submitted by the Parties as agreed herein and as agreed pursuant to the terms and conditions of a separate Agreement entered into by and between Plaintiffs and Golf.

37. On behalf of Golf, Northland Insurance has agreed to tender $1,000,000 representing the limits of coverage available to Golf under the Northland Policy.

38. Plaintiffs' receipt of this payment will constitute partial payment in satisfaction of the Consent Judgment.

**WHEREFORE**, Plaintiffs and Defendant, Golf Transportation, Inc. stipulate to entry of the proposed consent judgment attached to this Stipulation, and respectfully request entry of the same by the Court.

Respectfully submitted,


**The O'Neill Firm LLC**

/s/ Michael J. O'Neill, Esq.
_____
Michael J. O'Neill, Esquire
1002 Garrett Mill Road
Newtown Square, PA 19073
mjo@theoneillfirm.com
215.776.5070
*Attorneys for Plaintiffs*

**Fowler, Hirtzel, McNulty & Spaulding, LLC**

/s/ Joseph R. Fowler, Esq.
_____
Joseph R. Fowler, Esquire
Samuel A. Garson, Esquire
Three Logan Square
1717 Arch Street, Suite 1310
Philadelphia, PA 19103
jfowler@fhmslaw.com
sgarson@fhmslaw.com
215.789.4848
*Attorneys for Defendant, Golf Transportation, Inc.*